THIRD DIVISION
September 30, 2008

1-07-2779

| | | |
|---|---|---|
| UNITED STATIONERS SUPPLY COMPANY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appeal from the |
| | ) | Circuit Court of |
| v. | ) | Cook County. |
| | ) | |
| ZURICH AMERICAN INSURANCE COMPANY, D.C. | ) | |
| TAYLOR COMPANY, BENCHMARK, INC., and | ) | |
| KERRY DIRCK, | ) | Honorable |
| | ) | Martin S. Agram, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE QUINN delivered the opinion of the court:

Plaintiff, United Stationers Supply Company (United Stationers), sought an order from the circuit court of Cook County declaring that defendant Zurich American Insurance Company (Zurich) was obligated under its commercial general liability policy (the CGL policy) to defend and indemnify United Stationers in a third-party claim for contribution (contribution action) in the underlying personal injury lawsuit (underlying action). The circuit court denied United Stationers' motion for judgment on the pleadings and granted summary judgment in favor of Zurich, from which decision United Stationers appeals. United Stationers argues on appeal that: (1) it was an additional insured under the CGL Policy; (2) the third-party complaint in the underlying action established the potentiality of coverage under the CGL policy; (3) Zurich breached its duty to defend and, thus, was

estopped from raising policy defenses; (4) even if Zurich was not estopped, the CGL policy's employer's liability exclusion was inapplicable; (5) the employer's liability exclusion was ambiguous; and (6) Zurich's conduct warranted sanctions under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2006)).

We find as a matter of law that United Stationers is not an additional insured under the CGL policy because: (1) United Stationers is not specifically listed as an additional insured in the policy; (2) the construction contract requiring D.C. Taylor to purchase insurance on behalf of United Stationers did not specifically require the purchase of a commercial general liability policy; (3) there is no evidence of intent by the parties that United Stationers was to be added as an additional insured; and (4) the disclaimer language in the certificate of insurance put United Stationers on notice that the CGL policy language governed coverage of additional insureds. For the following reasons, we affirm the decision of the circuit court.

## I. BACKGROUND

In this action, United Stationers and Zurich seek a determination of the parties' rights and obligations under the CGL policy issued to D.C. Taylor Company (D.C. Taylor) by Zurich with respect to the contribution action, which was filed by D.C. Taylor against United Stationers. Zurich is a New York corporation engaged in the insurance business. United Stationers is an Illinois corporation with its principal place of business in Illinois. D.C. Taylor is a foreign corporation licensed to conduct business in Illinois. The other named defendants in this case, D.C. Taylor, Benchmark, Inc., and Kerry Dirck, all are nominal parties but joined to be bound by a judgment rendered in this action as interested parties.

On August 17, 2004, Dirck, an employee of United Stationers, allegedly was injured in the course and scope of his employment with United Stationers while using D.C. Taylor's equipment. Dirck filed a claim against D.C. Taylor for his alleged injuries. D.C. Taylor, in turn, filed its third-party complaint in the Contribution Action against United Stationers. United Stationers is seeking coverage under the CGL Policy issued by Zurich to D.C. Taylor for the Contribution Action.

A. The Construction Contract

On June 2, 2004, United Stationers and D.C. Taylor entered into a construction contract in which D.C. Taylor agreed to replace the roof of the commercial property owned by United Stationers. In the contract, D.C. Taylor agreed:

> "In addition to all provisions of the Contract Documents, all of which are incorporated into this agreement, [D.C. Taylor] hereby incorporates herein and agrees to comply with all the provisions of Article 9 of the General Conditions respecting Insurance and Indemnity which shall be applicable to [United Stationers]. Prior to commencing any Work hereunder, [D.C. Taylor] will present to [United Stationers] a Certificate of Insurance demonstrating full compliance with said Insurance and Indemnity provisions. By way of addition to and not in limitation of said General Conditions, [D.C. Taylor] agrees to indemnify and hold harmless [United Stationers], [its] agents and employees from and against all claims, damages, losses and expenses, including attorney's fees, bodily injury or

property damage, arising out of [D.C. Taylor's] Work or caused by any act or omission of [D.C. Taylor's] Work or omission of [D.C. Taylor], its agents and employees."

Article 9 of the construction contract addressed insurance and indemnity. Specifically, section 9.01 provided:

"[D.C. Taylor] shall purchase, prior to the commencement of the Work, and keep in force the following insurance:

A. Workmen's Compensation and Employer's Liability Insurance in [D.C. Taylor's] name containing a waiver of subrogation in favor of [United Stationers] executed by the insurance company.

1. Statutory - amounts and coverages required by state or states of operation, including provisions for voluntary benefits as required in labor agreements, if any, and including 'All States Endorsement,' if applicable.

2. Employer's Liability - the limit of liability for this portion of the policy shall not be less than $1,000,000 per accident.

3. Waiver of subrogation in favor of [United Stationers], its parent and affiliates.

B. Contractual Liability Insurance in [D.C. Taylor's] name specifically endorsed to cover the Indemnity agreement in Paragraph

9.03(A)(1) hereon. The limit of liability shall not be less than $3,000,000 combined single limit for bodily injury and property damage per occurrence.

C. Automobile Liability Insurance with an Employer's Non-Ownership Liability Endorsement in [D.C. Taylor's] name. The limit of liability shall not be less than $3,000,000 combined single limit for bodily injury and property damage per occurrences.

D. Hazardous Materials Liability, Policy Endorsement with combined single limits of liability of not less than $3,000,000 per occurrence for bodily injury or property damage arising in connection with the use of storage, transportation, or disposal of any hazardous materials."

Section 9.02 of the construction contract required D.C. Taylor to obtain certificates of insurance executed by an authorized representative of the insurance company, stating in pertinent part that "[s]uch Certificate(s) shall name [United Stationers] as an additional insured on a primary and non-contributory basis." Section 9.02 does not specify any type of insurance to which United Stationers was required to be named as an additional insured.

Section 9.03 of the construction contract included an indemnity agreement which required D.C. Taylor to indemnify United Stationers against "[a]ny and all claims, actions liabilities, losses, costs, and expenses, including, but not limited to, attorney's and consultant's fees and expenses relating to any and all losses or damages (including, without limitations, injury or death of persons

and damage to property) allegedly or actually suffered by any person or persons allegedly or actually arising out of or incidental to the work, or services and activities of [D.C. Taylor] in connection with any installation, job, clean-up of hazardous materials, or work under the Contract or while proceeding to or from the Site whether or not lawful or within the scope of their employment and/or whether or not allegedly or actually arising out of any statute or other law requiring a safe working place or other requirement of law."

## B. The Zurich CGL Policy

Zurich issued policy number GLO 3707383-01 to D.C. Taylor for the policy period commencing on April 1, 2004, and ending April 1, 2005. United Stationers is not specifically named as an additional insured in the CGL policy. An endorsement to the policy, Form U-GU-614-A CW (10/02), provides that the CGL policy is amended as follows:

> "FORM U-GL-1175-A CW 09/03 ADDITIONAL INSURED - AUTOMATIC - OWNERS, LESSEES OR CONTRACTORS - BROAD FORM IS ADDED TO THIS POLICY, PER THE ATTACHED."

Form U-GL-1175-A is the "Broad Form" for additional insureds, including owners, and provides:

> "A. WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization whom you are required to add as an additional insured on this policy under a written contract or written agreement.

B. The insurance provided to additional insureds applies only to 'bodily injury', 'property damage' or 'personal and advertising injury' covered under Section I, Coverage A, BODILY INJURY AND PROPERTY DAMAGE LIABILITY and Coverage B, PERSONAL AND ADVERTISING INJURY LIABILITY, but only if:

1. The 'bodily injury' or 'property damage' results from your negligence; and

2. The 'bodily injury', 'property damage' or 'personal and advertising injury' results directly from:

a. Your ongoing operations; or

b. 'Your work' completed as included in the 'products-completed operations hazard', performed for the additional insured, which is the subject of the written contract or written agreement.

C. However, regardless of the provisions of paragraphs A. and B. above:

1. We will not extend any insurance coverage to any additional insured person or organization:

a. That is not provided to you in this policy; or

b. That is any broader coverage than you are required to provide to the additional insured person or

7

organization in the written contract or written agreement;

* * *

D. The insurance provided to the additional insured person or organization does not apply to:

1. 'Bodily injury', 'property damage' or 'personal and advertising injury' that results solely from negligence of the additional insured; or

2. 'Bodily injury', 'property damage' or 'personal and advertising injury' arising out of the rendering or failure to render any professional, architectural, engineering or surveying services ***."

The additional insured broad form also required that the additional insured provide notice of an occurrence that may result in a claim "as soon as practicable," and "written notice" of a claim or suit as soon as practicable. The broad form did not specify whether notice to the named insured's attorney is sufficient notice to Zurich.

Form CG 00 01 10 01 states that, "[t]hroughout this policy the words 'you' and 'your' refer to the Named Iinsured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy." The named insured listed in the declarations is D.C. Taylor. No other named insureds are specifically listed within the CGL policy.

In addition, the CGL policy contains Form CG 20 33 10 01, an endorsement entitled,

1-07-2779

"ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU." This endorsement provides that, "Who Is An Insured is amended to include as an insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy."

Pertinent to the instant case, the CGL policy contains a severability clause:

"Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each Insured against whom claim is made or 'suit' is brought."

The CGL policy also contains an employer's liability exclusion, which provides an exclusion for bodily injury to:

"(1) An 'employee' of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business;

* * *

9

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury."

### C. The Certificate of Insurance

While United Stationers is not specifically listed as an additional insured within the CGL policy, a certificate of insurance, dated June 10, 2004, lists United Stationers as the certificate holder for the CGL policy. The certificate of insurance states that the "Certificate Holder is an Additional Insured on the General Liability on a primary & non-contributory basis with respect to the operations of the insured." The certificate of insurance also states that the certificate "is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below." In addition, the certificate of insurance states that "[t]he policies of insurance listed below have been issued to [D.C. Taylor] for the policy period indicated. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of such policies." The policies listed on the certificate of insurance include the CGL policy, an automobile liability policy, an excess liability policy and a contractors/pollution liability policy. There is no record evidence showing that United Stationers failed to receive a copy of the certificate of insurance or was unaware of its existence.

D. The Underlying Action

On August 19, 2005, Dirck filed his first amended complaint (underlying complaint) against D.C. Taylor in the circuit court's law division under case number 05 L 0040743. The underlying complaint alleged that on August 17, 2004, D.C. Taylor was engaged in a construction project which included replacing the roof of a commercial property owned by United Stationers. Dirck alleged that D.C. Taylor's employees, in furtherance of replacing the aforesaid roof, placed a ladder against the building belonging to United Stationers to gain access to the roof. The underlying complaint stated that, "in furtherance of his duties as an employee of United Stationers, plaintiff, Kerry Dirck, was descending from the aforesaid roof by way of defendants [*sic*] ladders." The underlying complaint alleged that, while Dirck descended from the roof, the ladder fell from an upright position to the ground, severely injuring him. Dirck alleged that his injuries resulted from D.C. Taylor's negligence.

On September 19, 2005, D.C. Taylor filed its answer and affirmative defenses to Dirck's first amended complaint. D.C. Taylor admitted that its employees were present at the jobsite on August 17, 2004, but were not present at the time the incident allegedly occurred. D.C. Taylor also admitted that it owned the equipment that was present at the jobsite. In response to the allegation that "on August 17, 2004, in furtherance of his duties as an employee of United Stationers, plaintiff, Kerry Dirck, was descending from the aforesaid roof by way of defendants [*sic*] ladders," D.C. Taylor answered that it "has insufficient knowledge upon which to base a belief as to the tru[th] or falsity of the allegations contained within paragraph 11 of Count I of Plaintiff's Complaint at Law and, therefore, neither admits nor denies the same."

## E. The Contribution Action

On June 6, 2006, D.C. Taylor filed its amended third-party complaint for contribution against United Stationers. D.C. Taylor alleged that Dirck was seeking damages for injuries he allegedly sustained "while Mr. Dirck, an employee of United Stationers, was allegedly descending from the roof of the United Stationers Corporate Headquarters." The complaint for contribution also stated, "Plaintiff alleges in his Amended Complaint that, while employed by United Stationers, and in furtherance of his duties as an employee of United Stationers, he became injured and sustained compensable injuries." In addition, the contribution claim stated that, "[a]t the time of the occurrence *** Plaintiff was employed by United Stationers and was allegedly in the course of his employment with United Stationers." D.C. Taylor reiterated its denial of any and all liability for the injuries claimed by Dirck and stated that, "[a]dditionally, D.C. Taylor denies that the Plaintiff was descending the ladder in furtherance of his duties as an employee of United Stationers."

On January 24, 2007, United Stationers moved to strike a portion of D.C. Taylor's third-party complaint for contribution and response to United Stationers' first affirmative defense. Paragraph 4 of United Stationers' motion to strike alleged that, "[i]n its first affirmative defense, [United Stationers] asserts that any potential liability of [United Stationers], as the employer of DIRCK, must be strictly limited to an amount no greater than its workers' compensation liability" pursuant to Kotecki v. Cyclops Welding Corp., 146 Ill. 2d 155 (1991) (holding that an employer sued as a third-party defendant was liable in contribution only for the amount of the employer's statutory liability under the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.5 et seq.)).

On January 31, 2007, the circuit court granted United Stationers' motion to strike, finding

D.C. Taylor admitted that "any alleged potential liability for contribution against [United Stationers] is strictly limited in accordance with the Kotecki v. Cyclops limitation, and that there has been no waiver of Kotecki by [United Stationers]."

## F. The Alleged Tender of Defense

A letter from counsel for United Stationers, dated June 6, 2006, and addressed to counsel for D.C. Taylor, stated "[w]e are in receipt of the Certificate of Liability Insurance naming [United Stationers] as an additional insured for the [CGL Policy] issued by [Zurich]." The letter further stated, "[a]s you know, United Stationers has been sued by defendant, third party plaintiff D.C. Taylor Co. for contribution in the [Underlying Action] ***. Pursuant to this Certificate of Insurance, tender is hereby made to Zurich and any excess carrier to immediately defend, indemnify and hold [United Stationers] harmless for any costs, attorney's fees, settlements and/or judgments in the above captioned litigation pursuant to the Policy." Counsel for United Stationers enclosed a copy of the certificate of insurance.

## G. Proceedings in the Instant Declaratory Judgment Action

On September 22, 2006, United Stationers filed its complaint for declaratory judgment requesting the entry of an order declaring that Zurich was and is obligated to defend and indemnify United Stationers in the underlying action pursuant to the CGL policy. United Stationers also sought reimbursement for all payments, attorney fees and costs in its defense of the underlying action. In addition, United Stationers sought statutory penalties under Section 155 for the "vexatious and unreasonable actions in suing its insured and failing to respond to a demand for a defense and indemnification in connection with the [contribution action]." United Stationers claimed that, "[a]t

all times herein relevant, UNITED STATIONERS was an additional insured on a certain policy of insurance GLO3707383-01" issued by Zurich. United Stationers alleged that the CGL policy "contains an additional insured endorsement under which UNITED STATIONERS is an additional insured."

On November 21, 2006, Zurich filed its answer and counterclaim to United Stationers' declaratory judgment complaint. Zurich sought a declaration that it had no duty to defend or indemnify United Stationers under the CGL policy, with respect to the contribution action. Zurich contended that United Stationers did not qualify as an additional insured and that, even if United Stationers were an additional insured, it was excluded from coverage by the CGL policy's employer's liability exclusion.

Zurich filed its motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2006)) on May 10, 2007. Similar to Zurich's counterclaim for declaratory judgment, Zurich argued that United Stationers was not an insured under the CGL policy and was subject to the employer's liability exclusion for bodily injury to an employee arising out of and in the course of either employment by the insured or performing duties related to the conduct of the insured's business. Zurich asserted that United Stationers should be seeking its defense and indemnity from its own liability insurer. In addition, Zurich argued that it could not be liable to United Stationers under section 155 of the Illinois Insurance Code because there was no coverage under the CGL policy.

Also on May 10, 2007, United Stationers filed a motion for judgment on the pleadings pursuant to section 2-165 of the Code (735 ILCS 5/2-615 (West 2006)), arguing that Zurich had a

duty to defend United Stationers because the certificate of insurance and the CGL policy allegedly established United Stationers as an additional insured under the CGL policy and that the employer's liability exclusion did not exclude coverage. United Stationers relied on D.C. Taylor's third-party complaint for contribution that stated, "D.C. Taylor denies that the Plaintiff was descending the ladder in furtherance of his duties as an employee of United Stationers." United Stationers argued that this allegation rendered the employment exclusion inapplicable. United Stationers asserted that Zurich breached its duty to defend, ignored United Stationers' tender and forced United Stationers to file its declaratory judgment complaint. United Stationers contended that Zurich's breach of its duty to defend estopped it from denying coverage and asserting policy defenses. According to United Stationers, Zurich's course of conduct was unreasonable and vexatious in violation of Section 155.

The circuit court heard oral argument on the parties' motions on July 27, 2007. There, counsel for Zurich noted that workers' compensation payments were made to Dirck under United Stationers' workers' compensation policy. Counsel for Zurich pointed out that United Stationers sought the protection of Kotecki and that, for the purposes of this action, United Stationers wanted the court to ignore the fact that Dirck was injured in the course and scope of his employment with United Stationers. The court took the case under advisement.

On September 10, 2007, the circuit court denied United Stationers' motion for judgment on the pleadings and granted Zurich's summary judgment motion. The court relied upon several cases in support of its decision, including La Grange Memorial Hospital v. St. Paul Insurance Co., 317 Ill. App. 3d 863 (2000), West Bend Mutual Insurance Co. v. Sundance Homes, Inc., 238 Ill. App. 3d 335 (1992), Atchinson, Topeka & Santa Fe Ry. Co. v. St. Paul Surplus Lines Insurance Co., 328 Ill. App.

1-07-2779

3d 711 (2002), Midland Insurance Co. v. Bell Fuels, Inc., 159 Ill. App. 3d 780 (1987), and United States Fidelity & Guaranty Co. v. Globe Indemnity Co., 60 Ill. 2d 295 (1975). The court found that Zurich had no duty to defend or indemnify because United Stationers did not establish a potentiality of coverage. In addition, the court found that section 155 was inapplicable in this case. The court made no specific finding with respect to whether United Stationers was an additional insured under the CGL policy. United Stationers timely appeals.

## II. ANALYSIS

On appeal, United Stationers argues that the certificate of insurance specifically named it as an additional insured under the CGL policy. United Stationers asserts that it had the right to select which of its insurers with coverage must defend this case. United Stationers contends that it was entitled to a defense from Zurich under the CGL policy based on D.C. Taylor's third-party complaint for contribution, which alleged facts within or potentially within coverage. United Stationers asserts that Zurich breached its duty to defend by failing either to timely seek a declaratory judgment or defend United Stationers under a reservation of rights. United Stationers argues that no justifiable reason existed for Zurich's conduct and, therefore, Zurich is estopped from being able to assert any policy defenses. According to United Stationers, even if Zurich was not estopped, it could not avoid coverage based on the CGL policy's employer's liability exclusion. United Stationers maintains that D.C. Taylor's third-party complaint for contribution expressly denied that Dirck acted in furtherance of his duties as an employee of United Stationers when he was injured. United Stationers contends that the employer's liability exclusion is vague and should be construed against Zurich and in favor of coverage for United Stationers. In addition, United Stationers argues that Zurich's conduct in this

16

matter was vexatious and unreasonable, warranting penalties under section 155 of the Illinois Insurance Code.

Zurich responds that United Stationers has not met its burden of demonstrating that it qualifies as an additional insured under the CGL policy. Zurich argues that United Stationers does not qualify as an additional insured under the CGL policy because there was no written contract requiring D.C. Taylor to name United Stationers as an additional insured. Zurich asserts that, even if the written contract required D.C. Taylor to name United Stationers as an additional insured, no coverage would apply to United Stationers because D.C. Taylor sought to hold United Stationers liable for its conduct rather than Dirck's bodily injuries.

In addition, Zurich maintains that United Stationers did not qualify for coverage based on the CGL policy's employer's liability exclusion which specifically excludes coverage for bodily injury to an employee of the insured arising out of and in the course of employment by the insured. Zurich argues that the circuit court correctly held that it had no duty to defend or indemnify United Stationers with respect to the third-party claim for contribution. Zurich also asserts that the June 6, 2006, letter was not a proper tender and that United Stationers improperly "raced to the courthouse" to file its declaratory judgment complaint. Zurich contends that it is not estopped from raising policy defenses simply because United Stationers rushed to file its declaratory judgment action before giving Zurich an opportunity to respond. Finally, Zurich argues that there can be no liability under section 155 where there is no coverage for United Stationers under the CGL policy.

A. <u>Standard of Review</u>

The construction of an insurance policy and a determination of the rights and obligations

thereunder are questions of law for the court that are appropriate subjects for disposition by summary judgment. Crum & Forster Managers Corp. v. Resolution Trust Corp., 156 Ill. 2d 384, 391 (1993). Summary judgment should be granted only if the pleadings, depositions, admissions and affidavits, construed liberally and in favor of the nonmoving party, demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2006); see also Kajima Construction Services, Inc. v. St. Paul Fire & Marine Insurance Co., 227 Ill. 2d 102, 106 (2007). Review of an order granting summary judgment is de novo. Outboard Marine Corp. v. Liberty Mutual Insurance, 154 Ill. 2d 90, 102 (1992). A motion for judgment on the pleadings is similar to a summary judgment motion limited to the pleadings. Employers Insurance of Wausau v. Ehlco Liquidating Trust, 186 Ill. 2d 127, 138 (1999). "Judgment on the pleadings is proper '[i]f the admissions in the pleadings disclose that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.' " Ehlco, 186 Ill. 2d at 138, quoting 3 R. Michael, Illinois Practice §27.2, at 494 (1989). A motion for judgment on the pleadings also is reviewed de novo. See Ehlco, 186 Ill. 2d at 160.

      B. Whether United Stationers Qualifies as an Additional Insured Under the CGL Policy

      The threshold inquiry in this appeal is whether United Stationers was an additional insured under the CGL policy. United Stationers argues that the certificate of insurance specifically named it as an additional insured under the CGL policy. United Stationers also argues that the construction contract required D.C. Taylor to provide insurance to United Stationers for bodily injury. United Stationers admits in its reply brief that the construction contract "did not specify the precise type of liability policy, only its purpose" and that the contract's insurance provision "incorporated the

indemnity obligation." United Stationers points to section 9.03 of the contract, which provided indemnification for United Stationers against damages for injury to persons allegedly or actually arising out of the work. United Stationers also maintains that the circuit court impliedly determined that United Stationers was an additional insured under the CGL policy because, otherwise, it would not have reached the issue of whether the employer's liability exclusion applied. Furthermore, United Stationers, relying upon John Burns Construction Co. v. Indiana Insurance Co., 189 Ill. 2d 570 (2000), argues that it was entitled to select Zurich to defend it against D.C. Taylor's third-party complaint for contribution because United Stationers was an additional insured under the CGL policy.

Zurich responds that United Stationers did not establish that it qualified as an additional insured under the CGL policy. Zurich argues that there was no written contract requiring D.C. Taylor to name United Stationers as an additional insured pursuant to the CGL policy. Zurich points out that the only provision in the construction contract requiring that United Stationers be named as an additional insured, section 9.02, is silent as to which policy or policies United Stationers was to be added as an additional insured. Zurich asserts that the certificate of insurance does not modify the terms of the CGL policy and does not create additional insured coverage. Zurich maintains that the terms of the CGL policy dictate whether United Stationers qualifies as an additional insured under the CGL policy.

The circumstances involved in the instant case are most similar to those found in West American Insurance Co. v. J.R. Construction Co., 334 Ill. App. 3d 75 (2002). In J.R. Construction, West American Insurance Company (West American) filed a declaratory judgment action against

1-07-2779

J.R. Construction Company (J.R. Construction). J.R. Construction, the general contractor, entered into an agreement with Altra Steel, a subcontractor, to supply and install steel components for a building that was being constructed. A term included in the agreement between Altra Steel and J.R. Construction required that J.R. Construction be added as an insured on the policy issued to Altra Steel by West American. Altra Steel orally agreed to add J.R. Construction as an additional insured on its policy with West American. Altra Steel's policy contained a blanket endorsement provision with respect to additional insureds:

> " 'WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization who you are required to name as an additional insured on this policy under a written contract or agreement.' " J.R. Construction, 334 Ill. App. 3d at 80.

In addition, it was the corporate practice of J.R. Construction to require subcontractors to include J.R. Construction as an additional insured on their policies. Thereafter, West American's agent issued a certificate of insurance listing J.R. Construction as an additional insured on Altra Steel's policy. The certificate stated:

> " 'THIS CERTIFICATE WAS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.' " J.R. Construction, 334 Ill. App. 3d at 78.

20

The certificate specifically identified J.R. Construction as an additional insured.

Altra Steel contracted with another subcontractor, All Estimating, Inc. (All Estimating), to assist with some of the ironwork on the project. An employee of All Estimating was injured at the jobsite and filed a lawsuit against J.R. Construction, which subsequently tendered the underlying suit to West American. West American denied coverage to J.R. Construction on the ground that there was no written contract between J.R. Construction and Altra Steel requiring J.R. Construction to be named an additional insured. The circuit court rejected that defense, concluding that J.R. Construction was entitled to coverage because, among other things, West American had admitted in a letter to J.R. Construction that it was an additional insured under the Altra Steel policy and had issued a certificate of insurance to the same effect.

On appeal, West American argued that, because a written contract was required to confer status upon J.R. Construction as an additional insured under the blanket endorsement provision, and because no written agreement was executed in this case, J.R. Construction was not an insured and, thus, was not entitled to a defense in the underlying lawsuit. In determining whether J.R. Construction was an additional insured, the reviewing court considered a number of undisputed facts and a series of documents evidencing an intent by the parties that J.R. Construction was to be added as an additional insured under the West American policy issued to Altra Steel.

The reviewing court acknowledged West American's argument that the certificate of insurance states that it is for informational purposes only and does not confer rights on the holder or amend coverage set forth in the policy. The court distinguished its case from Pekin Insurance Co. v. American Country Insurance Co., 213 Ill. App. 3d 543 (1991), because the issue in Pekin

Insurance was whether the insurance policy and the certificate of insurance conflicted in terms of the coverage promised to the additional insured and not whether the additional insured was an insured under the policy. J.R. Construction, 334 Ill. App. 3d at 84.

The court in J.R. Construction held as a matter of law that J.R. Construction was a named additional insured under the policy. J.R. Construction, 334 Ill. App. 3d at 84-85. The court noted that the certificate of insurance alone did not confer additional insured status upon J.R. Construction. The court also looked to a J.R. Construction affidavit stating that Altra Steel orally agreed to add J.R. Construction as an additional insured on the West American policy and that J.R. Construction, in fact, was added to that policy by way of the certificate of insurance the day the contract between Altra Steel and J.R. Construction was executed. The president of Altra Steel never refuted the oral agreement. A number of documents prepared by West American confirmed that J.R. Construction was an additional insured. The foregoing evidence assisted the court in concluding that J.R. Construction was an additional insured under the West American policy. J.R. Construction, 334 Ill. App. 3d at 81, 85.

Two lines of Illinois cases address the issue of coverage when there is a certificate of insurance separate from the policy itself. In one line of cases, where the certificate did not refer to the policy and the terms of the certificate conflicted with the terms of the policy, the courts found that the certificate language should govern the extent and terms of coverage. See International Amphitheatre Co. v. Vanguard Underwriters Insurance Co., 177 Ill. App. 3d 555 (1988); John Bader Lumber Co. v. Employers Insurance of Wausau, 110 Ill. App. 3d 247 (1982); J.M. Corbett Co. v. Insurance Co. of North America, 43 Ill. App. 3d 624 (1976). In the other line of cases, where the

22

certificate refers to the policy and expressly disclaims any coverage other than that contained in the policy itself, the courts found that the policy should govern the extent and terms of the coverage. See Pekin Insurance, 213 Ill. App. 3d at 547-48; American Country Insurance Co. v. Kraemer Brothers, Inc., 298 Ill. App. 3d 805 (1998); Lezak & Levy Wholesale Meats, Inc. v. Illinois Employers Insurance Co. of Wausau, 121 Ill. App. 3d 954 (1984). The second line of cases is applicable here.

In Pekin Insurance, the plaintiffs, Ulbrich & Associates, Inc. (Ulbrich), and its insurer, Pekin Insurance Company (Pekin), filed a declaratory judgment complaint against American Country Insurance Company (American Country), the insurer of S.J. Nitch Contractors (Nitch). Nitch was a subcontractor of Ulbrich on a construction project and agreed to indemnify Ulbrich against all claims, damages, losses or expenses arising out of the subcontractor's work on the project. As part of the contract, Nitch had its insurer, American Country, provide Ulbrich with a certificate of insurance. The certificate identified Nitch as the primary insured and Ulbrich as an additional insured. Under the heading, "Type of Insurance," one of the categories marked was commercial general liability. The policy numbers and dates of coverage also were on the certificate.

The certificate also provided the following language:

> " 'THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.' " Pekin Insurance, 213 Ill. App. Ed at 546-47.

In addition, the certificate stated:

> " 'THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL OF THE TERMS, EXCLUSIONS, AND CONDITIONS OF SUCH POLICIES.' " Pekin Insurance, 213 Ill. App. 3d at 547.

An employee of Nitch sustained personal injuries while working on the construction project and filed a lawsuit against Ulbrich. Thereafter, Ulbrich and its insurer, Pekin, tendered the defense of the underlying lawsuit to American Country. American Country refused to defend the suit, noting an exclusion in the policy for bodily injury arising out of "your work" as shown in the schedule. Ulbrich and Pekin alleged in their declaratory judgment complaint that American Country was required to accept the tender because Ulbrich had relied on the representations in the certificate of insurance that it was an additional insured on the policy issued to Nitch. The circuit court granted American Country's motion on the pleadings.

On appeal, Ulbrich and Pekin argued that because the policy's exclusions, terms or conditions conflicted with the plain meaning of the certificate of insurance and they were not

provided with a copy of the policy or made aware of the exclusions, the coverage provided by the certificate of insurance should prevail. Ulbrich acknowledged that it was Nitch who promised to indemnify Ulbrich against any liability arising from Nitch's roofing work on the project.

The reviewing court specifically noted the disclaimer language provided in the certificate of insurance, which indicated a clear showing that the certificate was not part of the insurance policy and conveyed no rights to the certificate holder. The court noted that the certificate only served to inform Ulbrich that it had the same insurance coverage that the primary insured had for the construction project subject to all the terms and exclusions within that policy. The Pekin Insurance court concluded that there was no conflict between the certificate of insurance and the policy and affirmed the circuit court's decision to grant American Country's motion for judgment on the pleadings. Pekin Insurance, 213 Ill. App. 3d at 547-48.

In Kraemer, the certificate of insurance at issue contained a disclaimer identical to the one found in Pekin Insurance. There, the reviewing court found that the general contractor "was on notice that it had to look to the policy to determine the extent of coverage and any exclusions ***. The certificate of insurance clearly provided that it was not part of the policy and that the insured had to look to the policy to ascertain the extent of coverage." Kraemer, 298 Ill. App. 3d at 811. The court held that the general contractor could not use the certificate of insurance to vary the policy terms.

The instant case is similar to J.R. Construction, Pekin Insurance and Kraemer in some ways, but otherwise is distinguishable based on its facts. First, in contrast with J.R. Construction, this case does not have evidence demonstrating an intent by the parties to include United Stationers as an additional insured under the CGL policy. There is no record evidence of an oral agreement or

internal Zurich memoranda that showed United Stationers specifically was supposed to be named as an additional insured on the CGL policy. The record shows Zurich consistently has denied that United Stationers is an additional insured. The written agreement between United Stationers and D.C. Taylor does not include specific language requiring United Stationers to be named as an additional insured under the CGL policy. Section 9.01 of the construction contract provides a list of the types of insurance in which United Stationers was required to be named as an additional insured, including workmen's compensation, employer's liability insurance, contractual liability insurance, automobile liability insurance and hazardous materials liability, but not commercial general liability. Section 9.02 of the contract obligates that D.C. Taylor provide United Stationers with copies of the certificate of insurance, but is silent as to which types of insurance are required. The indemnification language in section 9.03 of the contract does not require D.C. Taylor to purchase insurance on behalf of United Stationers.

Next, this case includes certain similarities to the Pekin Insurance line of cases because the subject Certificate of Insurance contains the same disclaimer language. In Pekin Insurance and Kraemer, the parties seeking coverage were already considered as additional insureds by the courts. Unlike Pekin Insurance and Kraemer, however, the certificate of insurance in this case included a statement that the "Certificate Holder is an Additional Insured on the General Liability on a primary & non-contributory basis with respect to the operations of the insured." Nevertheless, we find that the holdings in Pekin Insurance and Kraemer are applicable here because the key phrase in the disclaimer, that the certificate "does not alter, amend or extend the coverage" of the underlying policy, put United Stationers on notice that coverage is governed by the terms of the insurance policy

and not the certificate. Although the record does not indicate when United Stationers received a copy of the certificate or the length of time it possessed the certificate, United Stationers did not question its alleged status as an additional insured under the CGL policy until D.C. Taylor filed its third-party contribution claim against United Stationers. Based on the findings in Pekin Insurance and Kraemer, the certificate issued to United Stationers served as adequate warning that it could not simply rely upon the certificate for the terms and conditions of coverage, including whether it was an additional insured under the CGL policy.

As previously noted, the circuit court made no specific finding as to whether United Stationers was an additional insured under the CGL policy. "The determination of rights and obligations under an insurance policy is a question of law for the court to decide." National Fire Insurance Co. of Hartford v. Kilfoy, 375 Ill. App. 3d 530, 534 (2007). Based on the foregoing, we find as a matter of law that United Stationers is not an additional insured under the CGL policy because: (1) United Stationers is not specifically listed as an additional insured in the policy; (2) the construction contract requiring D.C. Taylor to purchase insurance on behalf of United Stationers did not specifically require the purchase of a commercial general liability policy; (3) there is no evidence of intent by the parties that United Stationers was to be added as an additional insured; and (4) the disclaimer language in the certificate of insurance put United Stationers on notice that the CGL policy language governed coverage of additional insureds. In short, we follow the line of Illinois cases holding that, where the certificate refers to the policy and expressly disclaims any coverage other than that contained in the policy itself, the policy should govern the extent and terms of the coverage. See Pekin Insurance, 213 Ill. App. 3d at 547-48; American Country Insurance Co. v.

27

Kraemer Brothers, Inc., 298 Ill. App. 3d 805 (1998); Lezak & Levy Wholesale Meats, Inc. v. Illinois Employers Insurance Co. of Wausau, 121 Ill. App. 3d 954 (1984).

In light of our finding that United Stationers was not an additional insured under the CGL policy, we need not address the other issues raised by United Stationers in this appeal.

### III. CONCLUSION

Based on the foregoing, we affirm the decision of the circuit court of Cook County to grant summary judgment in favor of Zurich and deny judgment on the pleadings to United Stationers.

Affirmed.

GREIMAN and CUNNINGHAM, JJ., concur.