2020 IL App (1st) 191876

FIRST DISTRICT
SIXTH DIVISION
October 2, 2020

No. 1-19-1876

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff and Counterdefendant-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| KEELEY CONSTRUCTION, INC.; HAMILTON | ) | |
| PARTNERS, INC.; and SANDRA KLEIN-KOZIOL, | ) | No. 17 CH 011105 |
| as Special Administrator of the Estate of | ) | |
| Timothy Koziol, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| (Amerisure Insurance Company, Individually and as | ) | Honorable |
| Subrogee of Keeley Construction, Inc., Counterplaintiff- | ) | Anna Helen Democopoulos, |
| Appellee). | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Griffin concurred in the judgment and opinion.

## OPINION

¶ 1     Plaintiff, Westfield Insurance Company (Westfield), filed a complaint seeking a declaration that it did not owe a duty to defend or indemnify defendants Keeley Construction, Inc. (Keeley), and Hamilton Partners, Inc. (Hamilton), as additional insureds on its policy. Keeley and Hamilton filed counterclaims for declaratory judgment, alleging that the subcontract agreement required them to be named as additional insureds on Westfield's policy. Keeley and Hamilton filed motions for summary judgment, and Westfield filed a cross-motion for summary judgment. The circuit court granted Keeley's and Hamilton's motions and denied Westfield's cross-motion. On appeal, Westfield contends that the court erred in granting summary judgment where the subcontract between Keeley and William T. Connelly, Inc. (Connelly), Westfield's insured, only

required Connelly to name Keeley or Hamilton as additional insureds on the certificate of insurance. For the following reasons, we affirm.

¶ 2                                    I. JURISDICTION

¶ 3      On August 20, 2019, the circuit court entered its order granting summary judgment in favor of Keeley and Hamilton. Westfield filed its notice of appeal on September 17, 2019. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered below.

¶ 4                                    II. BACKGROUND

¶ 5                      A. Prime Contract Between Hamilton and Keeley

¶ 6      Keeley entered into a contract with Hamilton to serve as the general contractor for the construction of an industrial building located in Bensenville, Illinois. This contract, hereinafter referred to as the "prime contract," provided:

"§ 5.3 SUBCONTRACTUAL RELATIONS

By appropriate agreement, written where legally required for validity, the Contractor shall require each Subcontractor, to the extent of the Work to be performed by the Subcontractor, to be bound to the Contractor by terms of the Contract Documents, and to assume toward the Contractor all the obligations and responsibilities, including the responsibility for safety of the Subcontractor's Work, which the Contractor, by these Documents, assumes toward the Owner and Architect.

* * *

ARTICLE 10 INSURANCE AND BONDS

§ 10.1 The Contractor shall purchase and maintain insurance and provide bonds as set forth in Article 11 of AIA Document A201-2007.

* * *

§ 10.2 The Additional insured for this project are as follows:

Hamilton Partners, Inc.

Bensenville 1, LLC."

¶ 7                    B. Subcontract Between Keeley and Connelly

¶ 8    For the Bensenville project, Keeley contracted with Connelly to perform electrical work. The subcontract agreement listed Keeley as "The Contractor" and Hamilton as "The Owner." The agreement provided:

"Contractor and Subcontractor agree as follows:

1. Subcontract Documents.

1.1 For the purposes of this Agreement, the 'Subcontract Documents' shall consist of his Agreement and the following:

Keeley Construction, Inc.'s prime Agreement

* * *

Exhibit C—Certificate of Insurance Requirements, showing the Contractor, Owner, Tenant and anyone required by Contractor upon 24 hours written notice as 'Additionally Insured'

* * *

These documents form the Agreement, and are as fully a part of the Agreement as if attached to this Agreement or repeated herein. The Agreement represents the entire and integrated Agreement between the parties hereto and supersedes prior negotiations, representations or agreements, either written or oral. The Subcontractor assumes toward

Contractor all of the same obligation, rights, duties, and redress that the Contractor assumes toward the Owner, Tenant (if applicable) and Architect under the prime agreement."

¶ 9    Section 6.1 of the subcontract addressed insurance and bonds. It stated:

"Prior to starting Work, Subcontractor, at its expense, shall obtain and maintain in force, on all operations, insurance in accordance with the Certificate of Insurance Requirements attached hereto as Exhibit C. The policies of insurance shall be in such form and shall be issued by such company satisfactory to Contractor.

\* \* \*

EXHIBIT C

CERTIFICATE OF INSURANCE REQUIREMENTS (2 Pages)

Rider attached to and made a part of Subcontract Agreement between Keeley Construction, Inc. ('Contractor') and Connelly Electric ('Subcontractor'). These insurance requirements will be made a part of Subcontract Agreement No. 07064.S04 between Keeley Construction, Inc. and Connelly Electric and its Subcontractor(s).

\* \* \*

Keeley's receipt of Subcontractor's Certificate of Insurance that conforms to the insurance requirements contained in this Exhibit C is a condition precedent to payment to Subcontractor. Prior to submitting Subcontractor's Certificate of Insurance to Contractor, Subcontractor shall review the insurance requirements contained in this Exhibit C of the Subcontract Agreement and insure that Subcontractor's insurance and Certificate of Insurance comply with the insurance requirements contained in this Exhibit C of the Subcontract Agreement.

\* \* \*

2. The Certificate of Insurance must name as Additional Insured at no additional cost to Contractor the following:

Keeley Construction, Inc.;

The Owner;

The Tenant (if applicable);

Others identified in attached Exhibit C- Insurance Certificate Sample; and

Anyone required by Contractor upon 24 hours written notice

* * *

4. Commercial General Liability must be on a Primary/Non-contributory basis for the additional insured with respect to work performed by Subcontractor and sub-subcontractors. IT IS MANDATORY THAT ADDITIONAL INSUREDS ARE INCLUDED ON CERTIFICATE OF INSURANCE AS FOLLOWS:

The entities identified in Paragraph 2, above, are named as Additional Insured(s) on a primary and non-contributory basis on the General Liability policy with respect to the job designated above ***.

The entities identified in Paragraph 2, above, are named as Additional Insured(s) on a primary and non-contributory basis on the General Liability policy including products-Completed Operations with respect to the job designated above ***."

Exhibit C also provided "minimum limits required on all Certificates of Insurance" for workers' compensation insurance, commercial general liability insurance with coverage endorsements for additional insureds, commercial automobile liability insurance with coverage endorsements for additional insureds, and umbrella/excess liability insurance.

¶ 10    C. The Certificate of Insurance and Westfield's Policy

¶ 11    In accordance with the requirements of Exhibit C, Connelly issued a Certificate of Insurance (COI) naming Keeley and Hamilton as "Additional Insureds." The COI also contained the following disclaimer:

"THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER."

¶ 12    On the COI, Connelly listed Westfield's policy as providing commercial general liability insurance. Keeley and Hamilton were not specifically named as additional insureds in the Westfield policy. However, the policy included an endorsement which provided additional coverage to:

"ANY PERSONS OR ORGANIZATIONS WHEN YOU HAVE AGREED IN WRITING IN A CONTRACT OR AGREEMENT THAT SUCH PERSONS OR ORGANIZATIONS BE ADDED AS AN ADDITIONAL INSURED."

¶ 13    D. Underlying Action and Summary Judgment Motions

¶ 14    Timothy Koziol worked as an electrician for Connelly. He was operating a scissor lift for the Bensenville project, extending himself 20 to 25 feet in the air, when the lift unexpectedly tipped over. Timothy fell and hit his head on the concrete floor, sustaining serious injuries that resulted in his death. On March 7, 2017, Sandra Klein-Koziol, as special administrator of Timothy's estate,

filed a complaint for wrongful death naming as defendants Keeley, Hamilton, and M-J-T-J Contractors & Builders, Inc.[1]

¶ 15    Keeley tendered the defense of the Koziol action to Connelly and Westfield, pursuant to the subcontract and Westfield's policy. Westfield filed a declaratory judgment, seeking a declaration that neither Keeley nor Hamilton was an additional insured under its policy. Westfield argued that Connelly never agreed in a written contract to add Keeley and Hamilton as additional insureds on the Westfield policy.

¶ 16    Amerisure Insurance Company (Amerisure), Keeley's insurer, was allowed to intervene on its own behalf and as subrogee of Keeley. Amerisure filed a counterclaim for declaratory judgment, seeking a declaration that Westfield owes a primary duty to defend Keeley in the underlying action pursuant to the subcontract and Westfield's policy. Amerisure also sought reimbursement from Westfield for all fees, costs, and expenses incurred in defending Keeley in the underlying action. Westfield filed a cross-motion for summary judgment, arguing that it did not owe a duty to defend Keeley or Hamilton in the underlying action because the subcontract only required Connelly to name them as additional insureds in the COI. This requirement, Westfield argued, was insufficient to trigger an obligation to defend under its policy.

¶ 17    The trial court granted Amerisure and Keeley's motion for summary judgment, finding that the subcontract is "replete with references to *insurance policies* as opposed to mere 'certificates of insurance,' alone." (Emphasis in original.) The court concluded:

    "Where a contract calling for insurance references both 'certificates of insurance,'
    and 'insurance policies' in the same breath, it is clear that, construing the language as a

_____

[1]M-J-T-J Contractors & Builders, Inc., is not a party to this appeal.

whole, both insurance policies and certificates of insurance evidencing those policies are required. The parties' intent to require inclusion as an additional insured under the insurance policy is clear."

The court also granted Hamilton's motion for judgment on the pleadings and denied Westfield's cross-motion for summary judgment. Westfield now appeals.

¶ 18                                    III. ANALYSIS

¶ 19    Summary judgment is appropriate if the pleadings, depositions, and admissions on file, along with any affidavits, show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *West Bend Mutual Insurance Co. v. Athens Construction Co.*, 2015 IL App (1st) 140006, ¶ 18. When cross-motions for summary judgment are filed, the parties invite the court to decide the issue as a question of law. *Fremont Casualty Insurance Co. v. Ace-Chicago Great Dane Corp.*, 317 Ill. App. 3d 67, 73 (2000).

¶ 20    Westfield's commercial general liability (CGL) policy provided additional coverage to persons or organizations that Connelly agreed in a written contract would be named as additional insureds. Westfield contends, however, that the subcontract only required Connelly to name Keeley and Hamilton as additional insureds on the COI, and there was no agreement to add them on a CGL policy. Westfield argues that because the subcontract did not require Connelly to name Keeley and Hamilton as additional insureds on the policy, it had no duty to defend or indemnify Keeley and Hamilton in the underlying Koziol litigation.

¶ 21    Westfield's contention requires us to interpret the subcontract agreement. Our primary objective in construing a contract is to give effect to the parties' intent. *Thompson v. Gordon*, 241 Ill. 2d 428, 441 (2011). The language of the contract, given its plain and ordinary meaning, is the best indicator of that intent. *Gallagher v. Lenart*, 226 Ill. 2d 208, 233 (2007). Where the terms of

the contract are unambiguous, they will be applied as written. *Salce v. Saracco*, 409 Ill. App. 3d 977, 981 (2011). In construing a contract, we do not view a clause or provision in isolation. *Gallagher*, 226 Ill. 2d at 233. Rather, we construe the contract as a whole, viewing each provision in light of the other provisions. *Id.* The trial court's interpretation of a contract is reviewed *de novo*. *Id.* at 219.

¶ 22    The parties do not dispute that Exhibit C was part of the subcontract or that Exhibit C required Connelly to name Keeley and Hamilton as additional insureds on the COI. As Westfield noted, a COI is not an independent agreement. *Lezak & Levy Wholesale Meats, Inc. v. Illinois Employers Insurance Co. of Wausau*, 121 Ill. App. 3d 954, 955 (1984). Therefore, Keeley and Hamilton cannot rely on the COI, without more, as evidence of a written contract in which Connelly agreed to name them as additional insureds. See also *Athens Construction Co.*, 2015 IL App (1st) 140006, ¶ 28 (finding that the COI is not evidence of the parties' intent to name an additional insured if the plain language of the subcontract does not contain such a requirement). Instead, we look at the language of the subcontract agreement and its documents as a whole to make that determination.

¶ 23    Section 6.1 of the subcontract, titled "Insurance and Bonds," states that

"[p]rior to starting Work, Subcontractor, at its expense, shall obtain and maintain in force, on all operations, *insurance* in accordance with the Certificate of Insurance Requirements attached hereto as Exhibit C. The *policies of insurance* shall be in such form and shall be issued by such company satisfactory to Contractor." (Emphases added.)

Thus, section 6.1 requires Connelly to "obtain and maintain in force" insurance policies that conform to the requirements of Exhibit C.

¶ 24    The plain language of Exhibit C also indicates that its requirements apply to insurance policies. The third paragraph of Exhibit C directs the subcontractor to "review the insurance requirements in this Exhibit C *** and insure that Subcontractor's insurance *and* Certificate of Insurance comply with the insurance requirements contained in" Exhibit C. (Emphasis added.) Although Exhibit C is titled "Certificate of Insurance Requirements," it is clear that these requirements apply not only to the COI, but also to insurance policies Connelly must "obtain and maintain in force" under the subcontract.

¶ 25    Exhibit C requires Connelly to name Keely and "The Owner" as additional insureds. The subcontract lists Hamilton as the "Owner." Exhibit C also requires general liability insurance "on a Primary/Non-contributory basis for the additional insured with respect to work performed by Subcontractor and sub-subcontractors." As we have found, these requirements apply to the COI *and* to any insurance policy Connelly must "obtain and maintain in force" pursuant to Exhibit C. Accordingly, since the subcontract requires Connelly to obtain general liability insurance and to name Keeley and Hamilton as additional insureds, they are additional insureds covered by Westfield's policy.

¶ 26    Westfield disagrees, citing *United Stationers Supply Co. v. Zurich American Insurance Co.*, 386 Ill. App. 3d 88 (2008), and *Athens Construction Co.*, as support. In *United Stationers*, the CGL policy at issue contained similar language that an insured is " 'any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.' " *Id.* at 93. The certificate of insurance stated that United Stationers Supply Co. (United Stationers) was an additional insured, but it contained a disclaimer that it " 'is issued as a matter of information only and confers no rights upon the certificate holder. This

certificate does not amend, extend or alter the coverage afforded by the policies below.' " *Id.* at 94.

¶ 27 The court found that this language on the certificate served as a warning to United Stationers "that it could not simply rely upon the certificate for the terms and conditions of coverage, including whether it was an additional insured under the CGL policy." *Id.* at 105. Since there was no specific language in the written agreement that United Stationers be named as an additional insured under the CGL policy, the court determined that United Stationers was not an additional insured under the CGL policy. *Id.* at 105-06.

¶ 28 In *Athens Construction Co.*, the agreement required the subcontractor to name Athens Construction Co., Inc. (Athens), as an additional insured on the certificate of insurance. The provision did not specify any type of insurance. The certificate also contained a disclaimer that it conferred no rights on Athens, nor did it alter coverage. *Athens Construction Co.*, 2015 IL App (1st) 140006, ¶¶ 26-28. Although the subcontractor was obligated to obtain CGL insurance, "[n]owhere in the subcontract was [it] required to name Athens as an additional insured" on that policy. *Id.* ¶ 29. As a result, we found "that the certificate of insurance does not serve as evidence of the parties' intent to name Athens as an additional insured, given that the actual, plain language of the subcontract does not contain such a requirement." *Id.* ¶ 28. We affirmed the trial court's finding that Athens was not an additional insured under the CGL policy.

¶ 29 Unlike *United Stationers* and *Athens Construction Co.*, the subcontract here explicitly required Connelly to obtain insurance in accordance with the requirements set forth in Exhibit C. Exhibit C required Connelly to name Keeley and Hamilton as additional insureds and to obtain CGL insurance on a primary and non-contributory basis that covered the additional insureds. Westfield's CGL policy provided additional coverage to "persons or organizations when [Connelly

has] agreed in writing in a contract or agreement that such persons or organizations be added as an additional insured." Since Connelly agreed in the subcontract to name Keeley and Hamilton as additional insureds, they are covered by the plain terms of Westfield's CGL policy. Therefore, the trial court's grant of summary judgment in favor of Keeley and Hamilton, and its denial of Westfield's cross-motion for summary judgment, was proper.

¶ 30    On appeal, Westfield raises an additional argument that to the extent Keeley and Hamilton use the COI to alter, amend, or extend the coverage of an insurance policy, such provisions are void under section 155.45 of the Illinois Insurance Code (215 ILCS 5/155.45 (West 2016)). Westfield did not raise this issue before the trial court. "Arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal." *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224, ¶ 24. Nonetheless, since we find that the subcontract agreement itself required Connelly to name Keeley and Hamilton as additional insureds on the CGL policy, and there is no need to rely on the COI alone as evidence of the requirement, this argument does not apply.

¶ 31                          IV. CONCLUSION

¶ 32    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 33    Affirmed.

---

**No. 1-19-1876**

---

| | |
|---|---|
| **Cite as:** | *Westfield Insurance Co. v. Keeley Construction, Inc.*, 2020 IL App (1st) 191876 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17-CH-011105; the Hon. Anna Helen Democopoulos, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | David S. Osborne and Lauren E. Rafferty, of Lindsay, Pickett, & Postel, LLC, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Donald E. Elder and Anthony N. Balice, of Emerson & Elder, P.C., of Chicago, for appellee Keeley Construction, Inc.<br><br>John D. Hackett and Christopher C. Cassidy, of Cassiday Schade LLP, of Chicago, for appellee Hamilton Partners, Inc.<br><br>No brief filed for other appellee. |

---