**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220319-U

Order filed December 16, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| CHRISTOPHER STOLLER, LEO STOLLER, and MICHAEL STOLLER, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | Appeal No. 3-22-0319 Circuit No. 20-AR-151 |
| UBER TECHNOLOGIES, INC.; BRET D. FRANCO; LORAN S. COHEN; DAVID HOMES; DAVID McHON; WILSON ELSER MOSKOWITZ; EDELMAN & DICKER, LLP; STEVEN R. BONANNO; HINSHAW & CULBERTSON, LLP; and JOHN DOES 1–10, | ) ) ) ) ) ) ) ) | The Honorable Robert E. Douglas, Judge, presiding. |
| Defendants-Appellees. | ) ) | |

_____

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Holdridge and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The circuit court properly dismissed this action with prejudice.

¶ 2    Plaintiffs, Christopher Stoller, Leo Stoller, and Michael Stoller, filed a multicount complaint in the Circuit Court of Du Page County against defendants, Uber Technologies, Inc.

(Uber); Bret D. Franco; Loran S. Cohen; David Homes; David McHon; Wilson Elser Moskowitz (Wilson Elser); Edelman & Dicker, LLP; Steven R. Bonanno; Hinshaw & Culbertson, LLP (Hinshaw & Culbertson); and John Does 1–10. The circuit court dismissed the complaint with prejudice on the grounds of collateral estoppel, and plaintiffs now appeal. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                 A. Cook County Action

¶ 5        On October 25, 2016, Christopher initiated a personal injury action against Uber and other named defendants in the Circuit Court of Cook County, seeking to recover for debilitating injuries that he alleged that he incurred during a collision between two vehicles, one of which was being driven for Uber (Cook County action). Christopher subsequently filed a motion to disqualify Franco as counsel for Uber, alleging that, during a status hearing in that action, Franco physically attacked him in open court.

¶ 6        Uber later filed a motion for sanctions, requesting, in part, that the action be dismissed on the basis that both Christopher and his attorney had committed multiple discovery violations. The Circuit Court of Cook County denied Christopher's motion to disqualify and granted Uber's motion for sanctions, but initially declined to dismiss the action and instead explained that any further discovery violations by Christopher would result in dismissal with prejudice. In its ruling, the circuit court also noted that both Christopher and his attorney filed "unsubstantiated claims," that investigative authorities had determined that Christopher's claims were unfounded, and that Christopher's specific claim that Franco had attacked him was "not well supported." Sometime later, on August 26, 2020, the circuit court found that Christopher had still failed to comply with the discovery rules and dismissed the action with prejudice.

¶ 7                                              B. Present Action

¶ 8          On February 3, 2020, plaintiffs filed their operative complaint in this case, naming Uber, Franco, Cohen, Homes, McHon, Wilson Elser and others as defendants. In their complaint, plaintiffs allege that Franco physically attacked Christopher during a status hearing in the Cook County action, and based on those allegations, assert claims of assault and battery, assault, conspiracy and willful and wanton conduct, aiding and abetting, willful and wanton misconduct/negligence, intentional infliction of emotional distress, negligent hiring and supervision, obstruction of justice, and negligence. Plaintiffs allege that Leo and Michael provide "[s]ervices" to Christopher and are his brother and nephew, respectively.

¶ 9          On August 8, 2022, the circuit court in this action dismissed plaintiffs' operative complaint with prejudice, explaining that it agreed with the Circuit Court of Cook County's "finding that [p]laintiff's claims of assault and battery, against * * * Franco, [were] baseless and without merit serve[d] as collateral estoppel in this matter as to all counts * * *." Plaintiffs now appeal.

¶ 10                                             II. ANALYSIS

¶ 11          On appeal, plaintiffs argue in their appellate brief that the circuit court erred by dismissing their complaint with prejudice and on the grounds of collateral estoppel, and that the circuit court's dismissal order was inadequate. In their notice of appeal, plaintiffs indicate that, in addition to the circuit court's August 8, 2022, dismissal order, they are also challenging "all prior orders" below.

¶ 12          In response, defendants collectively argue that plaintiffs' brief should be stricken and this appeal dismissed for violation of the rules of procedure regarding appellate briefs; that the circuit court properly dismissed this action with prejudice on the grounds of collateral estoppel; that, even if collateral estoppel had not applied, dismissal would have still been proper on the separate basis that plaintiffs' complaint failed to state claims for relief; and that plaintiffs have forfeited all other

3

issues not pertaining to the circuit court's finding of collateral estoppel and dismissal pursuant thereto.

¶ 13 We will begin by addressing defendants' argument that plaintiffs' appellate brief violates the applicable procedural rules. The rules that govern the form and content of appellate briefs are mandatory rather than mere suggestions, and the failure to comply with the rules is not an inconsequential matter. *In re Marriage of Reicher*, 2021 IL App (2d) 200454, ¶ 30. The purpose of the rules is to require the parties before the reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues presented. *Draves v. Thomas*, 2023 IL App (5th) 220653, ¶ 16. Although a brief that fails to substantially conform to the rules may be stricken and the appeal dismissed, this is an extreme sanction that is ordinarily reserved for only the most egregious failures to comply with the rules and those that hinder our review. *In re Marriage of Chapa*, 2022 IL App (2d) 210772, ¶ 20.

¶ 14 Illinois Supreme Court Rule (Rule) 341(h) requires an appellant's brief to contain a statement of facts section that recites the facts necessary to understand the case, with appropriate reference to the pages of the record and without argument, as well as an argument section that details the appellant's contentions and reasons therefor. Ill. S.Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Defendants argue that the statement of facts section of plaintiffs' brief violates Rule 341(h) because it is incomplete, lacks proper citations to the record, and contains argument. Defendants further contend that the argument section of plaintiffs' brief also violates the rule in that their arguments therein are incomplete, incohesive, and unaccompanied by citations to authority.

¶ 15 Defendants are correct that the statement of facts and argument sections of plaintiffs' brief do not comply with the requirements of Rule 341(h). However, despite their noncompliance, we are still able to ascertain from these sections plaintiffs' challenges on appeal, which we articulated

4

at the start of our analysis. Thus, we do not find it necessary to strike plaintiffs' brief or to dismiss their appeal.

¶ 16    Turning now to the merits of this appeal, the doctrine of collateral estoppel bars relitigation of an issue that was previously decided on the merits by a court of competent jurisdiction. *Fearon v. Mobil Joliet Refining Corp.*, 131 Ill. App. 3d 1, 6 (1984). Collateral estoppel will apply when the following three elements are met: (1) a final judgment on the merits was entered in the prior action, (2) the issue decided in the prior action is identical with the issue presented in the action in question, and (3) the party against whom estoppel is asserted was a party, or in privity with a party, in the prior action. *Herzog v. Lexington Township*, 167 Ill. 2d 288, 295 (1995). We review the applicability of the doctrine of collateral estoppel *de novo*. *In re A.W.*, 231 Ill. 2d 92, 99 (2008).

¶ 17    Plaintiffs do not raise any challenges regarding the first and second elements, and instead, only argue with respect to the third element. Accordingly, we confine our analysis to the sole issue of whether there is the requisite identity of parties between this action and the prior Cook County action.

¶ 18    Plaintiffs argue that there was no identity of parties because some of the defendants in this action were not parties in the Cook County action. However, for there to be the necessary identity of parties, it is only required that the party against whom estoppel is being asserted was a party, or in privity with a party, in the prior action. See *Gumma v. White*, 216 Ill. 2d 23, 38 (2005) (stating that a requirement of the application of collateral estoppel is that the party against whom estoppel is being asserted was a party, or in privity with a party, in the prior adjudication). Here, collateral estoppel was asserted against plaintiffs, and so the fact that some of the defendants in this action were not parties, or in privity with a party, in the Cook County action is irrelevant to our present analysis.

¶ 19    More relevant to our determination, Illinois courts have articulated that "[p]rivity generally exists when parties adequately represent the same legal interests." See, *e.g.*, *American Freedom Insurance Co. v. Garcia*, 2021 IL App (1st) 200231, ¶ 44. Accordingly, a nonparty to a previous adjudication can be bound pursuant to privity if his or her interests were so closely aligned to those of a party that the party was the nonparty's virtual representative. *Id.*

¶ 20    "The term 'privity' is not a precise one," (*Yorulmazoglu v. Lake Forest Hospital*, 359 Ill. App. 3d 554, 559 (2005)), and there is no single prevailing definition of the term that courts apply across all cases. *Oshana v. FCL Builders, Inc.*, 2013 IL App (1st) 120851, ¶ 23. Instead, Illinois courts have generally relied on the Restatement (Second) of Judgments to define privity. *Oshana*, 2013 IL App (1st) 120851, ¶ 28. Section 75 of the Restatement (Second) of Judgments enumerates three general categories of relationships that may establish privity: (1) "explicitly representative" relationships, such as between a trustee and a beneficiary; (2) "substantive legal relationships," in which one party to the relationship has the capacity to bind the other to a judgment in an action in which the other is not a party; and (3) "successors in interest to property." Restatement (Second) of Judgments, § 75 cmt. a (1982).

¶ 21    Of plaintiffs in this case, Christopher was a party in the Cook County action, whereas Leo and Michael were not. In their complaint in this action, plaintiffs allege that Leo and Michael provide services to Christopher in relation to him being injured. Plaintiffs further allege that Leo and Michael can recover damages alongside Christopher, for Christopher's alleged injuries. Without more, these allegations do not support a finding that either Leo or Michael falls into any one of the three types of relationships recognized by the Restatement (Second) of Judgments as giving rise to privity. Thus, although there was the requisite identity of parties with respect to

Christopher and collateral estoppel was properly asserted against him, due to there being a lack of privity, collateral estoppel was improperly asserted against Leo and Michael.

¶ 22 Defendants argue that, despite collateral estoppel not applying against Leo and Michael, the circuit court nevertheless properly dismissed this action with respect to them because they were both improper plaintiffs in this action who lacked standing to assert the claims in the operative complaint. Defendants also raised this same argument in their respective motions to dismiss below.

¶ 23 The purpose of the doctrine of standing is to ensure that issues are raised only by parties with a real interest in the outcome of the controversy, and to preclude those who have no interest in a controversy from bringing suit. *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999). Standing in Illinois generally requires some injury in fact to a legally cognizable interest. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 492 (1988). In determining whether a party has standing, a court must assess whether the party would benefit from the relief being granted. *In re Marriage of Rodriguez*, 131 Ill. 2d 273, 280 (1989). Standing must be defined on a case-by-case basis. *Id*.

¶ 24 In their operative complaint, plaintiffs never alleged that either Leo or Michael incurred an injury. Nor did plaintiffs allege any facts that meaningfully showed that Leo or Michael could have recovered due to some legally cognizable interest related to Christopher's alleged injury or the services that they allegedly provided him. Consequently, it remains unclear how Leo or Michael would have benefitted from any favorable relief in this action and they lacked the requisite standing to assert the claims contained within the operative complaint. Thus, the operative complaint was properly dismissed with respect to them.

¶ 25 Having now determined that this action was properly dismissed on the grounds of collateral estoppel and lack of standing, we turn to plaintiffs' argument that the dismissal should not have

7

been with prejudice. Collateral estoppel acts as an absolute bar against subsequent litigation and, thus, no pleading amendment in a subsequent action could evade application of the doctrine. See *Morr-Fitz v. Blagojevich*, 231 Ill. 2d 474, 488 (2008) (explaining that a cause of action should not be dismissed with prejudice as long as there are facts that could be proven that would entitle the plaintiff to relief); *Blair v. Bartelmay*, 151 Ill. App. 3d 17, 20 (1986) ("Collateral estoppel [] operates as an absolute bar in a subsequent action * * *."). Additionally, the record at the time when the circuit court entered the dismissal with prejudice lacked a sufficient indication that, if permitted to replead, plaintiffs would have been able to allege sufficient facts to establish standing for Leo and Michael. Thus, the circuit court properly dismissed this action with prejudice. See *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008).

¶ 26        Last, plaintiffs argue that the circuit court's order dismissing this action is inadequate because it lacks citations to authority, findings of fact, conclusions of law, and reasoned determinations. We are aware of no authority that required the circuit court to expressly include citations, findings of fact, or conclusions of law in its dismissal order. As to the alleged absence of reasoned determinations, we have already concluded that the circuit court properly dismissed this action with prejudice on the grounds of collateral estoppel and lack of standing, independent of its reasoning. Thus, we find the circuit court's order to be adequate.

¶ 27        Because we have already concluded that this action was properly dismissed on the foregoing grounds, we need not address defendants' argument that dismissal was proper for the alternative reason that plaintiffs' complaint failed to state claims for relief. As to all other issues outside of those pertaining to the circuit court's finding of collateral estoppel, we agree with defendants that plaintiffs have forfeited them because, as we noted at the outset, plaintiffs' appellate brief is limited to challenging the circuit court's dismissal of this action with prejudice,

8

on the grounds of collateral estoppel, and plaintiffs do not develop any other potential arguments. See *Dibenedetto v. Dibenedetto*, 2019 IL App (3d) 180761, ¶ 20 (finding a defendant's argument forfeited because he failed to develop it on appeal).

¶ 28                                          III. CONCLUSION

¶ 29        The judgment of the circuit court of Du Page County is affirmed.

¶ 30        Affirmed.